**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CHELSEA MANNING,

     Plaintiff,

v.                                        Case No.

UNITED STATES DEPARTMENT
OF JUSTICE and the FEDERAL BUREAU
OF INVESTIGATION,

     Defendants.

**COMPLAINT FOR REVIEW OF AGENCY ACTION PURSUANT
TO THE FREEDOM OF INFORMATION ACT**

     Plaintiff Chelsea Manning, through undersigned counsel, brings this Complaint against the United States Department of Justice (DOJ) and the Federal Bureau of Investigation (FBI) for their categorical refusal to provide records under the Freedom Of Information Act (FOIA).

**JURISDICTION**

1.     This action seeks judicial review of Defendants' failure to comply with the requirements of FOIA by categorically denying Plaintiff's FOIA request. Therefore, this Court has jurisdiction over this action under 5 U.S.C. § 552.

**VENUE**

2.     Venue is proper under 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

3.     Plaintiff is currently incarcerated in the United States Disciplinary Barracks at Fort Leavenworth, Kansas.

4.     Respondents are the United States Department of Justice and the FBI.

## FACTUAL ALLEGATIONS

**Background**

5.      In 2010, the United States Army charged Plaintiff, then known as Private First

Class Bradley E. Manning, with various violations of the the Uniform Code of

Military Justice and the United States Code for disclosing classified and

confidential information to the not-for-profit media organization, WikiLeaks.

6.      On March 1, 2011, after a probable cause hearing, the Army referred

Plaintiff's case to a general court-martial.

7.      Plaintiff pled guilty to some of the charges in February 2013 and proceeded to

trial on the remaining charges in June 2013.

8.      At trial Plaintiff was acquitted of aiding the enemy, under UCMJ Art. 104, but

convicted of charges related to espionage, theft, and computer fraud under the

United States Code, as well as various other military-related offenses.

9.      In August 2013, a military judge sentenced Plaintiff to 35 years of

imprisonment and a dishonorable discharge from the Army. She is currently

serving her sentence at the Fort Leavenworth Disciplinary Barracks in Fort

Leavenworth, Kansas. Plaintiff's military appeal is pending.

10.      Plaintiff has supporters world-wide who recognize that she acted for the

public good to provide information of human rights abuses and other actions

that had been secret.

11.      Upon information and belief, the FBI investigated Plaintiff for the same

conduct that formed the basis of the military's court-martial proceeding

against her.

**Plaintiff's FOIA Requests to the FBI**

12.    On February 20, 2014, Plaintiff wrote to the FBI under the FOIA requesting,

> [] Documents, papers, reports, letters, memoranda, films, electronic data, photographs, audio and video recordings of or relating to investigation conduction by the Washington Field Office of the Federal Bureau of Investigation and the U.S. Attorney's Office of the Eastern District of Virginia into the alleged disclosures of classified and sensitive but unclassified information by Private First Class (PFC) Bradley E. Manning beginning in late 2010 and continuing until an unknown date, but as late as mid-2012.

> [] Any other documents, papers, reports, letters, memoranda, films, electronic data, photographs, audio and video recordings of or relating to the investigation conducted by the Federal Bureau of Investigation and the U.S. Attorney's Office of the Eastern District of Virginia into alleged civilian co-conspirators of the disclosures of information by Manning.

In that request, Plaintiff indicated her willingness to pay fees associated with a burdensome search and requested expedited processing based on an "urgency to inform the public about an actual or alleged federal government activity" and a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 32 C.F.R. § 16.5(d)(1)(ii) and (d)(1)(iv).

13.    On March 7, 2014, the FBI acknowledged Plaintiff's request, but stated that Plaintiff's "letter did not contain sufficient information to conduct an accurate search of the Central Records System." Consequently, Plaintiff submitted the requested information, by completing the FBI's form, to supplement her request on March 17, 2014.

14.    On March 18, 2014, after filling out the FBI's form, Plaintiff further supplemented her request by providing additional personal information to the agency, including her full name, prior and current address, place of birth, and phone number. She also repeated the nature of the materials requested, their timeframe, and associated case number.

15.    On March 21, 2014, the FBI acknowledged receipt of Plaintiff's request.

16.    On April 3, 2014, the FBI denied Plaintiff's request for expedited processing, stating that she had "not provided enough information concerning the statutory requirements for expedition[.]" Regardless, the FBI concluded that "the topic of [Plaintiff's] request [was] not a matter 'in which there exist possible questions about the government's integrity which affect public confidence.'" (no citation for internal quotation provided).

17.    On April 4, 2014, Plaintiff wrote to the Director of the Office of Information Policy and appealed the FBI's denial of her request to expedite.

18.    On April 8, 2014, the FBI categorically denied Plaintiff's request for records, claiming that any records responsive to Plaintiff's request were exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A).

> The material you requested is located in an investigative file which is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A). 5 U.S.C. § 552(b)(7)(A) exempts from disclosure:
>
> > records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information … could reasonably be expected to interfere with enforcement proceedings…
>
> The records responsive to your request are law enforcement records; there is a pending or prospective law enforcement proceeding relevant to these responsive records, and release of the information in these responsive

records could reasonably be expected to interfere with enforcement proceedings.

The FBI went on to include a *Glomar* paragraph in its categorical denial, stating:

> For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. *See* 5 U.S.C. § 552(c) (2006 & Supp. IV (2010). [Sic] This response is limited to those records that are subject the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that the excluded records do, or do not, exist.

19.     On April 17, 2014, Plaintiff appealed the agency's denial of her request for records, including its *Glomar* provision, and its failure to substantively respond to her Privacy Act request.

20.     On May 7, 2014, the DOJ, Office of Information Policy, acknowledged receipt of Plaintiff's appeal.

21.     On August 7, 2014, the DOJ affirmed the FBI's categorical denial of Plaintiff's request for records and denied her appeal, relying on §552(a)(j)(2) of the Privacy Act and 5 U.S.C. § 552(b)(7)(A) of the FOIA. The Chief of the Administrative Appeals Staff for the DOJ's Office of Information Policy wrote, in relevant part:

> After carefully considering your appeal, I am affirming the FBI's action on your request. In order to provide you with the greatest possible access to responsive records, your request was reviewed under both the Privacy Act of 1974 and the Freedom of Information Act. This Office has determined that the records responsive to your request are exempt from the access provision of the Privacy Act. *See* 5 U.S.C. § 552a(j)(2); *see also* 28 C.F.R. § 16.96 (2013). For this reason, I have reviewed your appeal under the FOIA.
>
> The FOIA provides for disclosure of many agency records. At the same time, Congress included in the FOIA nine exemptions from disclosure that

> provide protection for important interests such as personal privacy,
> privileged communications, and certain law enforcement activities. The
> FBI properly withheld this information *in full* because it is protected from
> disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(A). This
> provision concerns records or information compiled for law enforcement
> proceedings.

(emphasis added).

22.     On January 5, 2015, Plaintiff sought the assistance of the Office of

Government Information Services (OGIS) and asked the agency to "mediate

and resolve the dispute between [Plaintiff] and the Attorney General regarding

[Plaintiff's] Freedom of Information Act (FOIA) 5 U.S.C. § 552) [sic]

request[.]"

23.     The OGIS responded to Plaintiff's request for mediation by repeating the

FBI's categorical and purported grounds for denial of Plaintiff's request and

explained that

> Exemption 7(A) is temporal in nature and not intended to "endlessly
> protect material simply because it is in an investigatory file," according
> the Department of Justice Guide to Freedom of Information Act. Courts
> have ruled that Exemption 7(A) remains applicable through long-term law
> enforcement investigations. It may be helpful to know that as part of the
> appeals process on cases such as yours, OIP confirms that Exemption 7(A)
> is still applicable to records sought at the time of the appeal.

24.     As acknowledged by the DOJ in its letter responsive to Plaintiff's appeal,

Plaintiff has exhausted her administrative remedies and is now permitted to

"file a lawsuit in federal district court in accordance with 5 U.S.C. §

552(a)(4)(B)."

25.     Because the Army general court-martial and the FBI investigation arose from

the same conduct, any attempt to prosecute Plaintiff in federal criminal court

would violate Plaintiff's double jeopardy rights. *See United States v. Stoltz*,

720 F.3d 1127 (9th Cir. 2013) ("It is . . . well settled that a general or special court-martial conviction precludes a subsequent civilian criminal conviction for the same offense.") (citing *Grafton v. United States*, 206 U.S. 333, 345-48 (1907)). Without the ability to prosecute Plaintiff for the alleged conduct underlying their investigation, Defendants have no reasonable basis to withhold the requested records.

26.     Nor will any privacy concerns be implicated by disclosing the records to Plaintiff because she is the subject of the FBI's investigation.

## CAUSE OF ACTION

A. Plaintiff repeats and re-alleges the foregoing allegations in this Complaint with the same force and effect as if hereinafter set forth at length.

B. Plaintiff has made a lawful request for records and information from the FBI under the FOIA.

C. The FBI has improperly failed to provide the records and information as provided by law, and instead claims categorical exemption under 5 U.S.C. § 552(b)(7)(A).

D. Disclosing the requested records will not interfere with any enforcement proceedings that are pending or reasonably anticipated. Plaintiff has already been convicted at a court-martial for the underlying conduct investigated by the FBI.

E. Plaintiff has exhausted her administrative remedies, and the Agency's decisions and actions are final.

F. Plaintiff seeks judicial review of the FBI's wrongful and categorical failure to provide the records and information sought in her FOIA request.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1) Order the FBI to provide the records and information improperly withheld from

Plaintiff.

2) Award Plaintiff reasonable attorneys' fees and costs incurred in this action, as

allowed under FOIA or by law.

3) Order any other relief this Court deems just and proper.


Respectfully Submitted,

**FREEDMAN BOYD HOLLANDER
GOLDBERG URIAS & WARD P.A**

*/s/  Nancy Hollander*
Nancy Hollander
D.C. Bar No. TX0061
20 First Plaza, NW, Suite 700
Albuquerque, NM  87102
(505) 842-9960

*Attorneys for Plaintiff*